# Exhibit A

Vivek Shah, pro se
640 S Curson Ave #1910
Los Angeles, CA 90036
newvivekshah@gmail.com
(224)246-2874

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/10/2024 9:39 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Galicia, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| VIVEK SHAH, | Case No. 24STCV23248 |
| Plaintiff, | **COMPLAINT** |
| v. | |
| | **JURY TRIAL DEMANDED** |
| MONDELEZ GLOBAL LLC, | |
| Defendant. | |

### NATURE OF THE ACTION

1. This is a case is in relation to Defendant's Nabisco Whole Grain Premium Saltine Cracker ("Product"). Defendant's "Whole Grain" branding and labeling of the Product is deceptive and misleading because it conveys that the Product's main flour ingredient is whole grain when, in fact, the main flour ingredient is non-whole grain enriched wheat flour.

2. Defendant's "Whole Grain" representation is featured on the Product's labeling to induce consumers to purchase items that are made predominantly from whole grain flour. Defendant markets its Product in a systematically misleading manner by misrepresenting that the Product is predominantly made with whole grain flour, even though that is not the case. As a result, Plaintiff was overcharged for the Product.

1

3. Defendant has profited unjustly as a result of its deceptive conduct. Plaintiff therefore asserts claims for violation of California laws.

## JURISDICTION AND VENUE

4. As a Court of general jurisdiction, this Court has jurisdiction over all matters presented to it per the mandates of the California Constitution.

5. Venue is proper in Los Angeles County because a substantial part of the events or omissions giving rise to the claims occurred in Los Angeles County.

6. Defendant is subject to jurisdiction under California's "long-arm" statute found at California Code of Civil Procedure Section 410.10 because the exercise of jurisdiction over Defendant is not "inconsistent with the Constitution of this state or the United States." Indeed, Plaintiff is informed and believes and based thereon alleges that Defendant generates a minimum of eight percent of revenues from sales made in California. Since this case involves illegal conduct emanating from Defendant's operation of its sales made to Californians, California courts can properly exercise personal jurisdiction over the Defendant. Moreover, Defendant is registered as a foreign company with the California Secretary of State.

## PARTIES

7. Plaintiff Vivek Shah is a citizen of California who resides in Los Angeles, CA. He purchased the Product from a Ralph's store in Los Angeles on or around September 9, 2024. He paid approximately $3.99 plus tax for his purchase of the Product. When purchasing the Product, Plaintiff relied on the "Whole Grain" representation on the front of the Product package. Based on this representation, Plaintiff believed that the main flour ingredient was whole wheat flour. However, the Product he purchased was made predominantly with non-

2

whole grain, enriched wheat flour. Because of Defendant's misrepresentation, Plaintiff was overcharged for his purchase. Had Plaintiff known the "Whole Wheat" representation was false and misleading, he would not have purchased the Product.

8.  Defendant Mondelez Global LLC is a corporation organized under the laws of Delaware with its principal place of business located at 905 West Fulton Market, Chicago, IL 60607. Defendant formulates, advertises, manufactures, and/or sells the Product throughout New York and the United States.

## GENERAL ALLEGATIONS

9.  Defendant misrepresents that the Product is made predominantly from "Whole Grain" flour. Defendant advertises, in large, bolded text on multiple surfaces of the Product packaging (including the front of the package), that the Product is made with "Whole Grain." The labeling leads reasonable consumers to believe that the predominant flour used is whole wheat. However, the Product is made predominantly from non-whole grain, enriched flour. Examples of the Product's labeling, along with their ingredient list, are depicted below:



3

> INGREDIENTS: UNBLEACHED ENRICHED FLOUR (WHEAT FLOUR, NIACIN, REDUCED IRON, THIAMINE MONONITRATE [VITAMIN B1], RIBOFLAVIN [VITAMIN B2], FOLIC ACID), WHOLE GRAIN WHEAT FLOUR, CANOLA OIL, PALM OIL, REFINERS' SYRUP, SEA SALT, BAKING SODA, MALTED BARLEY FLOUR, CALCIUM CARBONATE, POTASSIUM BICARBONATE, SALT, YEAST.
>
> BHT ADDED TO PACKAGING MATERIAL TO PRESERVE FRESHNESS
>
> CONTAINS: WHEAT.

> INGREDIENTES: HARINA ENRIQUECIDA SIN BLANQUEAR (HARINA DE TRIGO, NIACINA, HIERRO REDUCIDO, MONONITRATO DE TIAMINA [VITAMIN B1], RIBOFLAVINA [VITAMINA B2], ÁCIDO FÓLICO), HARINA DE TRIGO INTEGRAL, ACEITE DE CANOLA Y PALMA, SIROPE DORADO, SAL MARINA, LEVADURA, HARINA CEBADA MALTEADA, CARBONATO DE CALCIO, BICARBONATO DE POTASIO, SAL, LEVADURA.
>
> SE AGREGÓ BHT AL MATERIAL DE EMPAQUETADO PARA PRESERVAR LA FRESCURA
>
> CONTIENE: TRIGO.

10.     The last two decades have witnessed historic increases in Americans' consumption of foods containing whole grains. This is due to the scientific and nutritional consensus that whole grains provide valuable health benefits not available from non-whole grains. The United States Department of Agriculture ("USDA") recognized this in its 2015-2020 Dietary Guidelines for Americans, which recommends that at least half of all grains eaten each day be whole grains.[1]

11.     The valuable and material health benefits of eating whole grains are widely publicized to consumers. In New York State, for example, the New York Times featured an article titled "What are Whole Grains, Anyway?"[2] The article quoted a registered dietitian nutritionist who stated that whole grains "tend to be really nutrient- and fiber-rich" which helps "regulat[e] cholesterol and blood sugar levels and improv[es] digestion."[3] Additionally, whole

---

[1] U.S.D.A., Dietary Guidelines for Americans 2015-2020, 48-49 (8th ed. 2015), https://health.gov/sites/default/files/2019-09/2015-2020_Dietary_Guidelines.pdf.
[2] Hanna Seo, *What Are Whole Grains, Anyway?*, N.Y. Times, (Dec. 3, 2022) (updated Mar. 9, 2023), https://www.nytimes.com/2022/12/03/well/eat/whole-grains.html.
[3] *Id.* (internal quotations omitted).

4

grains can be "a fantastic source of B vitamins" and "essential amino acids like methionine and phenylalanine."[4]

12. Whole grain flour is derived from the entire milled grain seed consisting of the bran, endosperm, and germ. Baked products made with whole grain flour are healthier than refined non-whole grain flour because they contain key nutrients and vitamins. Refined non-whole grain flour is processed to remove the bran and germ, thus removing dietary fiber and other nutrients, leaving only the starchy endosperm. Flour "enrichment" adds back some the previously removed nutrients but does not add back fiber content—a key nutrient found in whole grain flour—and other nutrients.

13. "Unbleached enriched flour" is not "whole grain flour" under Food and Drug Administration ("FDA") regulations. Compare 21 C.F.R. § 137.165 with 21 C.F.R. § 137.200 (defining enriched flour and whole wheat flour). Therefore, "Unbleached Enriched Flour," which is listed first on the Products' ingredients list, is not "Whole Grain Wheat Flour." And "Unbleached Enriched Flour" is the predominant flour ingredient since it is listed first. See Mantikas v. Kellogg Co., 910 F.3d 633, 635 (2d Cir. 2018) ("As required by federal regulation, the ingredients were listed in order of their predominance, with the primary ingredient listed first.") (citing 21 C.F.R § 101.4).

14. The FDA and the Federal Trade Commission ("FTC") staff have recognized that "there is potential for consumers to be misled or confused by unqualified 'whole grain' claims for products that contain a mixture of whole grain and refined grain. Many consumers may

---

[4] Id. (internal quotations omitted).

5

interpret such unqualified claims to mean that all or nearly all of the grain in the product is whole grain."[5]

15. This is corroborated by a recent peer-reviewed study which found that 47% of a representative sample incorrectly concluded that mock-up breads with less whole wheat—but labeled with a whole grain "content claim" on the front of the package—were equal or superior to an unlabeled mock-up bread which listed whole wheat as its first ingredient.[6]

16. Defendant's label falsely implies that "Whole Grain" flour is the primary flour ingredient in the Product. However, the amount of whole grain flour in the Product, compared to the refined grain flour, is de minimis or negligible.

17. Defendant's misleading and deceptive whole grain Product claim proximately caused harm to Plaintiff who suffered an injury in fact and lost money or property by being overcharged for the Product as a result of Defendant's deceptive Product claim.

**CLAIMS FOR RELIEF**
**CLAIM I**
**Violation of California Consumer Legal Remedies Act ("CLRA") – Civil Code § 1770**

18. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

19. Plaintiff is a "consumer" within the meaning of § 1770 and Defendant is a "person" within the meaning of § 1770.

---

[5] Comments of the Staff of the Bureau of Consumer Protection, the Bureau of Economics, and the Office of Policy Planning of the Federal Trade Commission, Docket No. 2006-0066, at 3 (April 18, 2006), https://www.ftc.gov/sites/default/files/documents/advocacy_documents/ftc-staff-comment-food-and-drug-administration-matter-draft-guidance-industry-and-fda-staff-whole/v060014ftcstaffcommentstothefdaredocketno2006-0066.pdf

[6] Parke Wilde et al., Consumer Confusion About Wholegrain Content and Healthfulness In Product Labels: A Discrete Choice Experiment and Comprehension Assessment, 23 Public Health Nutrition 3324, 3327 (2020), https://www.cambridge.org/core/journals/public-health-nutrition/article/consumer-confusion-about-wholegrain-content-and-healthfulness-in-product-labels-a-discrete-choice-experiment-and-comprehension-assessment/09632F10BA8F314FBCAFA49276315A60.

20. Defendant made deceptive and misleading statements by marketing the Products as being made predominantly with whole grain flour when in fact they are made predominantly with non-whole grain, enriched flour.

21. In doing so, Defendant engaged in deceptive acts or practices.

22. Defendant's deceptive acts or practices were materially misleading. Defendant's conduct was likely to and did deceive reasonable consumers, including Plaintiff, about the nature, characteristics and quality of its Products, as alleged herein.

23. Plaintiff was unaware of, and lacked a reasonable means of, discovering the material facts about the actual composition of the Product.

24. Defendant's actions set forth above occurred in the conduct of trade or commerce.

25. The foregoing deceptive acts and practices were directed at consumers.

26. Defendant's misleading Product claim is consumer-facing and concerns widely purchased consumer products. Defendant's conduct includes unfair and misleading acts or practices that have the capacity to deceive consumers and are harmful to the public at large. Defendant's conduct is misleading in a material way because it fundamentally misrepresents the composition and quality of the Product.

27. Plaintiff suffered ascertainable loss as a direct and proximate result of Defendant's violations in that (a) he would not have purchased the Product had he known the truth about its composition, and (b) he overpaid for the Product on account of the "Whole Grain" misrepresentation, as alleged herein.

28. Plaintiff seeks to enjoin Defendant's unlawful acts and practices described herein, to recover his actual damages, reasonable attorney's fees and costs, and any other just and proper relief available under the CLRA.

## CLAIM II

**Violation of the Cal. Bus. & Prof. Code § 17508, False Advertising Law ("FAL")**

29. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above,

30. § 17508 makes it unlawful for any person doing business and advertising to consumers in California to make any false or misleading advertising claim.

31. Defendant's labeling and advertisement of the Product was false and misleading in a material way. Specifically, Defendant advertised the Product as being made predominantly with whole grain flour when in fact it was made predominantly with non-whole grain, enriched flour.

32. Plaintiff reasonably understands Defendant's misrepresentations to mean that the Product are made predominantly with whole grain flour.

33. This misrepresentation was consumer-oriented and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

34. This misrepresentation has resulted in consumer injury or harm to the public interest.

35. As a result of this misrepresentation, Plaintiff has suffered economic injury because (a) he would not have purchased the Product had he known the truth about its composition, and (b) he overpaid for the Product on account of the "Whole Grain" misrepresentation, as described herein.

36. By reason of the foregoing and as a result of Defendant's conduct, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover their actual damages,

reasonable attorneys' fees and costs, and any other just and proper relief available under the FAL.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff seeks judgment against Defendant, as follows:

a) For an order finding in favor of Plaintiff on all counts asserted herein;

b) For compensatory and statutory damages in amounts to be determined by the Court and/or jury;

c) For prejudgment interest on all amounts awarded;

d) For an order of restitution and all other forms of equitable monetary relief;

e) For an order enjoining Defendant from continuing the illegal practices detailed herein and compelling Defendant to undertake a corrective advertising campaign; and

f) For an order awarding reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated: September 10, 2024                Respectfully submitted,

/s/ Vivek Shah

VIVEK SHAH