1  David T. Biderman, Bar No. 101577
2  DBiderman@perkinscoie.com
   Jasmine W. Wetherell, Bar No. 288835
3  JWetherell@perkinscoie.com
4  Elissa Ronquillo, Bar No. 345972
   ERonquillo@perkinscoie.com
5  PERKINS COIE LLP
6  1888 Century Park East, Suite 1700
   Los Angeles, California 90067-1721
7  Telephone:  +1.310.788.9900
8  Facsimile:   +1.310.788.3399

9

10

11            **UNITED STATES DISTRICT COURT**

12           **CENTRAL DISTRICT OF CALIFORNIA**

13

14  VIVEK SHAH,                    | Case No. 2:24-cv-08797-AB-E

15          Plaintiff,             | **JOINT STIPULATION AND PROTECTIVE ORDER**

16      v.

17  MONDELEZ GLOBAL LLC,           | State Action Filed: September 10, 2024

18          Defendant.             | State Action Served: September 11, 2024

19

20                                 | DISCOVERY MATTER

21

22

23

24

25

26

27

28

-1-

1.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitles them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of

-2-

170440026.3

1    discovery materials, to adequately protect information the parties are entitled to keep

2    confidential, to ensure that the parties are permitted reasonable necessary uses of such

3    material in preparation for and in the conduct of trial, to address their handling at the

4    end of the litigation, and serve the ends of justice, a protective order for such

5    information is justified in this matter. It is the intent of the parties that information

6    will not be designated as confidential for tactical reasons and that nothing be so

7    designated without a good faith belief that it has been maintained in a confidential,

8    non-public manner, and there is good cause why it should not be part of the public

9    record of this case.

10    3.    ACKNOWLEDGEMENT OF UNDER SEAL FILING PROCEDURE

11    The Parties further acknowledge, as set forth in Section 14.3, below, that this

12    Stipulated Protective Order does not entitle them to file confidential information

13    under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and

14    the standards that will be applied when a party seeks permission from the court to

15    file material under seal. There is a strong presumption that the public has a right of

16    access to judicial proceedings and records in civil cases. In connection with non-

17    dispositive motions, good cause must be shown to support a filing under seal. *See*

18    *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006),

19    *Phillips v. Gen. Motors Corp*., 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-*

20    *Welbon v. Sony Electrics, Inc*., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated

21    protective orders require good cause showing), and a specific showing of good cause

22    or compelling reasons with proper evidentiary support and legal justification, must

23    be made with respect to Protected Material that a party seeks to file under seal. The

24    Parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL

25    does not— without the submission of competent evidence by declaration,

26    establishing that the material sought to be filed under seal qualifies as confidential,

27    privileged, or otherwise protectable—constitute good cause.

28

-3-

2:24-cv-08797-AB-E
JOINT STIPULATION AND PROTECTIVE ORDER

170440026.3

1          Further, if a party requests sealing related to a dispositive motion or trial, then

2     compelling reasons, not only good cause, for the sealing must be shown, and the

3     relief sought shall be narrowly tailored to serve the specific interest to be protected.

4     *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each

5     item or type of information, document, or thing sought to be filed or introduced under

6     seal, the party seeking protection must articulate compelling reasons, supported by

7     specific facts and legal justification, for the requested sealing order. Again,

8     competent evidence supporting the application to file documents under seal must be

9     provided by declaration.

10         Any document that is not confidential, privileged, or otherwise protectable in

11    its entirety will not be filed under seal if the confidential portions can be redacted. If

12    documents can be redacted, then a redacted version for public viewing, omitting only

13    the confidential, privileged, or otherwise protectable portions of the document, shall

14    be filed. Any application that seeks to file documents under seal in their entirety

15    should include an explanation of why redaction is not feasible.

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

2:24-cv-08797-AB-E
JOINT STIPULATION AND PROTECTIVE ORDER

170440026.3

4.    DEFINITIONS

4.1    <u>Action</u>: The pending federal lawsuit captioned as *Shah v. Mondelez Global LLC*, No. 2:24-cv-08797-AB-E (C.D. Cal).

4.2    <u>Appropriate Legend</u>: The legend "CONFIDENTIAL."

4.3    <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Order.

4.4    <u>"CONFIDENTIAL" Information or Items</u>: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

4.5    <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

4.6    <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

4.7    <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery.

4.8    <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

4.9    <u>House Counsel</u>: Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.10    <u>Named Plaintiff</u>: Vivek Shah and/or other named plaintiff in the Action.

-5-

170440026.3

4.11    Non-Party: Any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

4.12    Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

4.13    Party: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.14    Parties: Named Plaintiff and Defendant Mondelez Global LLC, collectively.

4.15    Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.16    Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.17    Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

4.18    Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

5.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

-6-

1    However, the protections conferred by this Stipulation and Order do not cover the

2    following information: (a) any information that is in the public domain at the time of

3    disclosure to a Receiving Party or becomes part of the public domain after its

4    disclosure to a Receiving Party as a result of publication not involving a violation of

5    this Order, including becoming part of the public record through trial or otherwise;

6    and (b) any information known to the Receiving Party prior to the disclosure or

7    obtained by the Receiving Party after the disclosure from a source who obtained the

8    information lawfully and under no obligation of confidentiality to the Designating

9    Party. Any use of Protected Material at trial shall be governed by the orders of the

10   trial judge and other applicable authorities. This Order does not govern the use of

11   Protected Material at trial.

12   6.    <u>DURATION</u>

13         Even after final disposition of this litigation, the confidentiality obligations

14   imposed by this Order shall remain in effect until a Designating Party agrees

15   otherwise in writing or a court order otherwise directs. Final disposition shall be

16   deemed to be the later of (1) dismissal of all claims and defenses in this Action, with

17   or without prejudice; and (2) final judgment herein after the completion and

18   exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

19   including the time limits for filing any motions or applications for extension of time

20   pursuant to applicable law.

21

22

23

24

25

26

27

28

2:24-cv-08797-AB-E
JOINT STIPULATION AND PROTECTIVE ORDER

170440026.3

7.    <u>DESIGNATION PROTECTED MATERIAL</u>

7.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Notwithstanding the above, the Designating Party need not partially designate documents and may instead designate an entire document as "CONFIDENTIAL." The Designating Party will agree to entertain good faith requests to de-designate non-confidential portions.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. The Parties acknowledge that designations, or failures to designate, can sometimes be inadvertent. The Parties agree to cooperate to resolve any issues arising from confidentiality designations.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

2:24-cv-08797-AB-E
JOINT STIPULATION AND PROTECTIVE ORDER

170440026.3

1    7.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in
2    this Order (*see*, *e.g.*, second paragraph of section 7.2(a) below), or as otherwise
3    stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
4    under this Order must be clearly so designated before the material is disclosed or
5    produced.

6    Designation in conformity with this Order requires:

7    (a)    For information in documentary form (e.g., paper or electronic
8    documents, but excluding transcripts of depositions or other pretrial or trial
9    proceedings), that the Producing Party affix as a minimum the legend
10   "CONFIDENTIAL" to each page that contains protected material. If only a portion
11   or portions of the material on a page qualifies for protection, the Producing Party
12   also must clearly identify the protected portion(s) (e.g., by making appropriate
13   markings in the margins).

14   (b)    A Party or Non-Party that makes original documents or materials
15   available for inspection need not designate them for protection until after the
16   inspecting Party has indicated which material it would like copied and produced.
17   During the inspection and before the designation, all of the material made available
18   for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has
19   identified the documents it wants copied and produced, the Producing Party must
20   determine which documents, or portions thereof, qualify for protection under this
21   Order. Then, before producing the specified documents, the Producing Party must
22   affix the Appropriate Legend to each page that contains Protected Material.

23   (c)    For testimony given in deposition or in other pretrial or trial
24   proceedings, that the Designating Party identifies the Disclosure or Discovery
25   Material on the record, before the close of the deposition, hearing, or other
26   proceeding, all protected testimony. When it is impractical to identify separately
27   each portion of testimony that is entitled to protection and it appears that substantial

28

-9-

2:24-cv-08797-AB-E
JOINT STIPULATION AND PROTECTIVE ORDER

portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days from receipt of the final transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL."

(d)    Parties shall give the other Parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

(e)    Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(f)    For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the

-10-

170440026.3

Appropriate Legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

      7.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

-11-

2:24-cv-08797-AB-E
JOINT STIPULATION AND PROTECTIVE ORDER

8.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

    8.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    8.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

    8.3     Joint Stipulation. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

170440026.3

8.4    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

8.5    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

2:24-cv-08797-AB-E
JOINT STIPULATION AND PROTECTIVE ORDER

170440026.3

1    9.    ACCESS TO AND USE OF PROTECTED MATERIAL

2        9.1    Basic Principles. A Receiving Party may use Protected Material that is

3    disclosed or produced by another Party or by a Non-Party in connection with this

4    case only for prosecuting, defending, or attempting to settle this litigation. Such

5    Protected Material may be disclosed only to the categories of persons and under the

6    conditions described in this Order. When the litigation has been terminated, a

7    Receiving Party must comply with the provisions of section 15 below (FINAL

8    DISPOSITION).

9        Protected Material must be stored and maintained by a Receiving Party at a

10    location and in a secure manner that ensures that access is limited to the persons

11    authorized under this Order.

12        9.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless

13    otherwise ordered by the court or permitted in writing by the Designating Party, a

14    Receiving    Party    may    disclose    any    information    or    item    designated

15    "CONFIDENTIAL" only to:

16        (a)    The Receiving Party's Outside Counsel of Record in this Action, as

17    well as employees of said Outside Counsel of Record to whom it is reasonably

18    necessary to disclose the information for this litigation and who have signed the

19    "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

20    A;

21        (b)    The officers, directors, and employees (including House Counsel) of

22    the Receiving Party to whom disclosure is reasonably necessary for this litigation

23    and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

24    A);

25        (c)    Experts (as defined in this Order) of the Receiving Party (1) to whom

26    disclosure is reasonably necessary for this litigation, (2) who have signed the

27    "Acknowledgment and Agreement to Be Bound" (Exhibit A).

28                                          -14-

1    (d)    The Court and its personnel;

2    (e)    Court reporters and their staff, professional jury or trial consultants,

3  mock jurors, and Professional Vendors to whom disclosure is reasonably necessary

4  for this litigation and who have signed the "Acknowledgment and Agreement to Be

5  Bound" (Exhibit A);

6    (f)    During their depositions, witnesses, and attorneys for witnesses, in the

7  Action to whom disclosure is reasonably necessary and who have signed the

8  "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

9  agreed by the Designating Party or ordered by the court. Pages of transcribed

10  deposition testimony or exhibits to depositions that reveal Protected Material must

11  be separately bound by the court reporter and may not be disclosed to anyone except

12  as permitted under this Stipulated Protective Order;

13    (g)    The author or recipient of a document containing the information or a

14  custodian or other person who otherwise possessed or knew the information; and

15    (h)    Any mediators or settlement officers and their supporting personnel,

16  mutually agreed upon by any of the parties engaged in settlement discussions.

17  10.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED</u>

18       <u>IN OTHER LITIGATION</u>

19    If a Party is served with a subpoena or a court order issued in other litigation

20  that compels disclosure of any information or items designated in this Action as

21  "CONFIDENTIAL," that Party must:

22    (a)    promptly notify in writing the Designating Party. Such notification

23  shall include a copy of the subpoena or court order;

24    (b)    promptly notify in writing the party who caused the subpoena or order

25  to issue in the other litigation that some or all of the material covered by the

26  subpoena or order is subject to this Protective Order. Such notification shall include

27  a copy of this Stipulated Protective Order; and

28
                                    -15-

170440026.3

1  (c)  cooperate with respect to all reasonable procedures sought to be

2  pursued by the Designating Party whose Protected Material may be affected.

3  If the Designating Party timely seeks a protective order, the Party served with

4  the subpoena or court order shall not produce any information designated in this

5  Action as "CONFIDENTIAL" before a determination by the court from which the

6  subpoena or order issued, unless the Party has obtained the Designating Party's

7  permission. The Designating Party shall bear the burden and expense of seeking

8  protection in that court of its confidential material – and nothing in these provisions

9  should be construed as authorizing or encouraging a Receiving Party in this Action

10  to disobey a lawful directive from another court.

11  11.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

12  PRODUCED IN THIS LITIGATION

13  (a)  The terms of this Order are applicable to information produced by a

14  Non-Party in this Action and designated as "CONFIDENTIAL." Such information

15  produced by Non-Parties in connection with this litigation is protected by the

16  remedies and relief provided by this Order. Nothing in these provisions should be

17  construed as prohibiting a Non-Party from seeking additional protections.

18  (b)  In the event that a Party is required, by a valid discovery request, to

19  produce a Non-Party's confidential information in its possession, and the Party is

20  subject to an agreement with the Non-Party not to produce the Non-Party's

21  confidential information, then the Party shall:

22  (1)  promptly notify in writing the Requesting Party and the Non-

23  Party that some or all of the information requested is subject to a confidentiality

24  agreement with a Non-Party;

25  (2)  promptly provide the Non-Party with a copy of the Stipulated

26  Protective Order in this litigation, the relevant discovery request(s), and a reasonably

27  specific description of the information requested; and

28

-16-

1          (3)    make the information requested available for inspection by the

2    Non-Party, if requested.

3          (c)    If the Non-Party fails to object or seek a protective order from this court

4    within 14 days of receiving the notice and accompanying information, the Receiving

5    Party may produce the Non-Party's confidential information responsive to the

6    discovery request. If the Non-Party timely seeks a protective order, the Receiving

7    Party shall not produce any information in its possession or control that is subject to

8    the confidentiality agreement with the Non-Party before a determination by the court.

9    Absent a court order to the contrary, the Non-Party shall bear the burden and expense

10   of seeking protection in this court of its Protected Material.

11   12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

12         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

13   Protected Material to any person or in any circumstance not authorized under this

14   Stipulated Protective Order, the Receiving Party must immediately (a) notify in

15   writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

16   to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

17   persons to whom unauthorized disclosures were made of all the terms of this Order,

18   and (d) request such person or persons to execute the "Acknowledgment and

19   Agreement to Be Bound" that is attached hereto as Exhibit A.

20   13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

21         PROTECTED MATERIAL

22         When a Producing Party gives notice to Receiving Parties that certain

23   inadvertently produced material is subject to a claim of privilege or other protection,

24   the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

25   Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure

26   may be established in an e-discovery order that provides for production without prior

27   privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

28                                          -17-

170440026.3

Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the court.

14.    MISCELLANEOUS

14.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

15.    FINAL DISPOSITION

Within 60 days after the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the

-18-

170440026.3

Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 6 (DURATION).

16.  **VIOLATION**

    Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

-19-

1   **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2

3   Dated:  January 6, 2025                    **PERKINS COIE LLP**

4

5                                              By: */s/ Jasmine W. Wetherell*
                                                  Jasmine W. Wetherell
6                                                 David T. Biderman
                                                  Elissa Ronquillo
7
                                               Attorneys for Defendant MONDELEZ
8                                              GLOBAL LLC

9   Dated:  January 6, 2025                    **PLAINTIFF**

10

11

12                                             By: */s/ Vivek Shah*
                                                  Vivek Shah
13
                                               Pro Se Plaintiff
14

15

16  **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

17

18
    DATED: January 6, 2025
19                                             _____
                                               Hon. Charles F. Eick.
20                                             United States Magistrate Judge

21

22

23

24

25

26

27

28
                                        -20-
                                                              2:24-cv-08797-AB-E

170440026.3

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Shah v. Mondelez Global LLC*, No. 2:24-cv-08797-AB-E. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

2:24-cv-08797-AB-E
JOINT STIPULATION AND PROTECTIVE ORDER

170440026.3

1

### **SIGNATURE ATTESTATION**

2

3          Pursuant to Local Rule 5-4.3.4(a)(2)(i), the ECF filer set forth below,

4     Jasmine W. Wetherell, hereby attests that all signatories listed above, on whose

5     behalf this Joint Stipulation is submitted, concur in the contents of this Joint

      Stipulation and have authorized the filing of same.

6

7     Date: January 6, 2025                    By:    */s/ Jasmine W. Wetherell*
                                                      Jasmine W. Wetherell

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-22-

170440026.3